O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ALLDREDGE, | CASE NO. CV 10–06555 GHK (RZ) |
| Petitioner, | |
| vs. | ORDER SUMMARILY DISMISSING ACTION |
| ARNOLD SCHWARZENEGGER, et al., | |
| Respondents. | |

The Court construes what Petitioner has filed – a "First Amendment Motion And Petition For Criminal Complaints" against various officials – as a habeas corpus petition. But because Petitioner challenges an alleged abuse *during* his confinement rather than the *validity or duration of* that confinement, this action is not a proper petition for habeas corpus relief. Thus, the Court will dismiss the action summarily, albeit without prejudice to Petitioner's pursuit of relief through a civil rights action. To the extent he truly seeks some sort of order commencing criminal proceedings, however, he states no claim.

///

///

///

///

# I.
# BACKGROUND

Petitioner Joseph Alldredge is a California state inmate in Susanville. He asserts in this colorfully-worded petition that his prison's library staff declined to make 54 copies of some sort of 50-page pleading that Petitioner intended to distribute to various and sundry courts, including the "International Criminal . . . Court," complaining about prison conditions. But Petitioner does not pray for a reversal of any conviction or seek an accelerated release from confinement, and therefore habeas is not the proper vehicle for review of Petitioner's claims.

# II.
# HABEAS CORPUS GENERALLY MAY CHALLENGE THE FACT OR DURATION OF CONFINEMENT, BUT NOT THE CONDITIONS THEREOF

The principal purpose of a habeas corpus writ is to provide a remedy for prisoners challenging the *fact or duration* of their confinement and who, thus, are seeking either immediate release or a sooner-than-currently-scheduled release. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (holding that habeas petition, not civil rights action, was proper vehicle for seeking restoration of good-time credits). The Supreme Court has left open the possibility that habeas petitions "may . . . also be available to challenge . . . prison conditions," which ordinarily must be challenged by way of a civil rights action. *Id.*, 411 U.S. at 499-500; *accord, Bell v. Wolfish*, 441 U.S. 520, 526 n.6, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) (noting the possibility of habeas as a means to address prison conditions, but declining to decide the issue). Nor has the Ninth Circuit completely foreclosed the possible use of habeas actions to challenge prison living conditions. *See Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989) (assuming without discussion that habeas could provide relief on a prisoner's claim of having been placed in disciplinary segregation without due process); *see also Fierro v. Gomez*, 77 F.3d 301, 304

n.2 (9th Cir. 1996) (indicating that the issue remains unresolved in this Circuit), *vacated on other grounds*, 519 U.S. 918, 117 S.Ct. 285, 136 L.Ed.2d 204 (1996).

But such use of the habeas corpus action appears to be the exception, both in this jurisdiction and others. The Ninth Circuit has made clear that the preferred, "proper" practice is to limit habeas cases to claims that would lead to the petitioner's release sooner than otherwise would occur, and to confine other prisoner claims to civil rights suits. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (holding that, because the subset of prisoner-plaintiff claims that could have been brought in a habeas action had become moot, district court could and should proceed with remaining claims, which challenged conditions, and not fact or duration, of confinement); *accord*, *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition because petition's challenges to conditions of confinement must be brought in civil rights action).

Several cases from other jurisdictions also persuasively hold that habeas corpus ordinarily is a proper vehicle only for those claims that, if successful, would result in the petitioner's accelerated release. In *Boyce v. Ashcroft*, 251 F.3d 911 (10th Cir. 2001), the petitioner sought a habeas writ ordering him transferred back to the prison where he had been housed prior to what he contended was a retaliatory transfer. The district court dismissed the petition without prejudice, holding that habeas corpus was not the proper vehicle for attacking the constitutionality of his transfer. Following *Preiser, supra,* the Tenth Circuit affirmed. "Prisoners who raise constitutional challenges to other prison decisions[,] including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, [or other] conditions of confinement, must proceed under Section 1983 or *Bivens* [*v. Six Unknown Agents*, 403 U.S. 388 (1971)]." 251 F.3d at 914. *Boyce* is of little precedential value, however, because on rehearing, when the Tenth Circuit panel learned that petitioner Boyce had received his desired transfer before the court issued its initial opinion, the court vacated its published decision as moot. 268 F.3d 953 (10th Cir. 2001). Nevertheless, the rule of *Boyce* is in good company. *See, e.g.*, *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (holding that prisoner's action

may be a habeas petition if and only if a favorable ruling automatically would entitle prisoner to accelerated release; all other prisoner actions sound in civil rights, not habeas); *Turner v. Johnson*, 46 F.Supp.2d 655, 665 (S.D. Tex. 1999) ("when a reassignment from administrative segregation . . . would not automatically shorten [a prisoner's] sentence or lead to his immediate release, no liberty interest is implicated" under the Due Process Clause) (*following Carson, supra*); *Frazier v. Hesson*, 40 F.Supp.2d 957, 962 (W.D. Tenn. 1999) (holding that prisoner may not employ habeas corpus petition "to attack his confinement to segregation or . . . a maximum security classification"). Finally, Judge Easterbrook, writing for the Seventh Circuit in *Sylvester v. Hanks*, 140 F.3d 713 (7th Cir. 1998), openly questioned whether the state prisoner-petitioner in that case properly could utilize § 2254, rather than § 1983, to challenge his three-year assignment to disciplinary segregation for conspiring to incite a prison riot – but that court's decision did not require an answer to that question. 140 F.3d at 714 (*dicta*).

Here, if Petitioner's access-to-courts claim(s) were to succeed, he would not thereby be entitled to an accelerated release from confinement. The Court sees no justification in this instance for deviating from what the Supreme Court in *Preiser,* the Ninth Circuit in *Badea*, and other courts elsewhere have held to be the "proper" course, namely requiring conditions-of-confinement claims like Petitioner's to be brought in a civil rights lawsuit, not in a habeas corpus petition.

To the extent Petitioner seeks an order of some sort initiating criminal proceedings against anyone, he states no claim. Private citizens may not initiate criminal actions. *See Keenan v. McGrath* , 328 F2d. 610, 611 (1st Cir. 1964) (addressing 18 U.S.C. § 241, criminalizing conspiracies to violate civil rights) ("to sanction such a procedure would be to provide a means to circumvent the legal safeguards provided for persons accused of crime").

///

///

///

## III.
## CONCLUSION

For the foregoing reasons, the Court DISMISSES the action.

IT IS SO ORDERED.

DATED: 9/21/10

_____
GEORGE H. KING
UNITED STATES DISTRICT JUDGE